**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DAVID BERNARD JONES**

        Plaintiff,           CIVIL ACTION NO. 16-cv-10664

       v.                    MAGISTRATE JUDGE MONA K. MAJZOUB

**COMMISSIONER OF**
**SOCIAL SECURITY,**

        Defendant.
_____/

**OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [20] AND**
**DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [22]**

Plaintiff David Bernard Jones seeks judicial review of Defendant Commissioner of Social Security's determination that he is not entitled to social security benefits for his physical impairments under 42 U.S.C. § 405(g).  (Docket no. 1.)  Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 20) and Defendant's Motion for Summary Judgment (docket no. 22).  With consent of the parties, this case has been referred to the undersigned for final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  (Docket no. 16.)  The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and is now ready to rule.

**I.**      **PROCEDURAL HISTORY**

Plaintiff protectively filed applications for a period of disability, disability insurance benefits, and supplemental security income on February 7, 2013, alleging disability beginning November 1, 2011, due to injuries that he suffered to his lower back and "both leg calfs" when

he was hit by a car.  (TR 70-71, 124-33, 146.)  The Social Security Administration denied Plaintiff's claims on May 15, 2013, and Plaintiff requested a *de novo* hearing.  (TR 50-71, 88-89.)  On July 11, 2014, Plaintiff appeared with a representative and testified at the hearing before Administrative Law Judge (ALJ) John Dodson.  (TR 29-49.)  In a December 10, 2014 decision, the ALJ found that Plaintiff was not entitled to benefits because he was capable of performing a significant number of jobs in the national economy.  (TR 15-25.)  The Appeals Council declined to review the ALJ's decision (TR 1-4), and Plaintiff commenced this action for judicial review.  The parties then filed cross motions for summary judgment, which are currently before the Court.

## II.  HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff (docket no. 20 at 5-10), and the ALJ (TR 19-23, 25) have set forth detailed, factual summaries of Plaintiff's medical record and the hearing testimony.  Defendant adopts the ALJ's recitation of the facts.  (Docket no. 22 at 4.)  Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies between these recitations of the record.  Therefore, the undersigned will incorporate the factual recitations by reference.  Additionally, the undersigned will include comments and citations to the record as necessary throughout this Opinion and Order.

## III.  ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of November 1, 2011, and that Plaintiff suffered from the following severe impairments:  degenerative disc disease of the lumbar spine and diabetes.  (TR 17.)  Next, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of an

impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR 17-18.) The ALJ then found that Plaintiff had the following residual functional capacity (RFC):

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following limitations: no climbing ropes, ladders, or scaffolds, and only occasional remaining posturals; able to alternate between sitting and standing, but no more than 4 times per hour; and no concentrated exposure to hazards, such as unprotected heights or moving machinery.

(TR 18-24.) Subsequently, in reliance on the vocational expert's (VE's) testimony, the ALJ determined that Plaintiff was capable of performing a significant number of jobs in the national economy. (TR 24-25.) Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time from November 1, 2011, through the date of the decision. (TR 15, 25.)

## IV. LAW AND ANALYSIS

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

### B. Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1) Plaintiff was not presently engaged in substantial gainful employment; and

(2) Plaintiff suffered from a severe impairment; and

(3) the impairment met or was medically equal to a "listed impairment;" or

(4) Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to

4

perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

**C.     Analysis**

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff asserts that this matter should be remanded under sentence four because the ALJ erred in assigning little weight to the opinions of Plaintiff's treating physician and treating chiropractor on the basis that they are not consistent with the record evidence and assigning significant weight to the opinion of the consultative examiner on the basis that it is consistent with the record evidence. (Docket no. 20 at 11-14.) It is well settled that the opinions of treating physicians are generally accorded substantial deference. In fact, the ALJ must give a treating physician's opinion complete deference if it is supported by clinical and laboratory diagnostic

5

evidence and it is not inconsistent with the other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). When an ALJ determines that a treating source's medical opinion is not controlling, he must determine how much weight to assign that opinion in light of several factors: (1) length of the treatment relationship and the frequency of examination; (2) nature and extent of the treatment relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record as a whole; (5) specialization of the treating source; and (6) other factors. 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6).

There is no *per se* rule that requires an articulation of each of the six regulatory factors listed in 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6). *Norris v. Comm'r of Soc. Sec.*, No. 11-CV-11974, 2012 WL 3584664, at *5 (E.D. Mich. Aug. 20, 2012) (citing *Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 222 (6th Cir. 2010)). An ALJ's failure to discuss the requisite factors may constitute harmless error (1) if "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it;" (2) "if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion;" or (3) "where the Commissioner has met the goal of [§ 1527(c)]—the provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation." *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470 (6th Cir. 2006) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004)).

The Commissioner requires its ALJs to "always give good reasons in [their] notice of determination or decision for the weight [they] give [a] treating source's opinion." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Those good reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that

weight." *Wilson*, 378 F.3d at 544 (quoting SSR 96-2p, 1996 WL 374188, at *5 (1996)). The district court should not hesitate to remand when the Commissioner has failed to identify the weight assigned to a treating physician's opinion and provide good reasons for that weight. *See Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011) ("This Court has made clear that '[w]e do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion.") (citing *Hensley v. Astrue*, 573 F.3d 263, 267 (6th Cir. 2009)).

Plaintiff treated with Lucia Zamorano, M.D. for his physical impairments from September 2012 to April 2013. (TR 282-353.) Dr. Zamorano rendered an opinion regarding Plaintiff's impairments, which the ALJ assessed as follows:

> On January 12, 2013, Dr. Zamorano, a treating physician, stated that the claimant was totally disabled because of back pain, headaches, and neck pain. Dr. Zamorano indicated limitations of no bending and no lifting over 10 pounds (Exhibit 4F).
>
> However, the assessment by Dr. Zamorano is given little weight because it is inconsistent with the objective clinical findings and the record as a whole. The claimant has not complained or been treated for significant neck pain and headaches. Moreover, the MRI of his lumbar spine, in October 2012, indicated no disk herniation. The nerve conduction studies in November 2012, showed no evidence of neuropathy or radiculopathy anywhere. Moreover, the determination of disability is an issue to be decided by the Commissioner and is not a medical opinion.

(TR 21.)[1]

The ALJ properly discounted the portion of Dr. Zamorano's opinion in which she determined that Plaintiff was totally disabled, as the ultimate issue of disability is reserved to the

---

[1] The ALJ cited to Dr. Zamorano's opinion as being located in Exhibit 4F of the transcript. The Court has thoroughly reviewed all 72 pages of Exhibit 4F and is unable to locate Dr. Zamorano's opinion therein. In their briefs, both Plaintiff and Defendant represent that Dr. Zamorano's opinion can be found at TR 303, however, this opinion, dated November 12, 2012, appears to be rendered by Dr. Zamorano's physician assistant, Lindsay Gietzen, PA-C. Nevertheless, the Court will address the ALJ's assessment of Dr. Zamorano's opinion as reproduced in the ALJ's decision.

7

Commissioner, not the treating or examining physician. *Kidd v. Comm'r*, 283 F. App'x 336, 341 (6th Cir. 2008). Plaintiff seemingly concedes this point, but correctly argues that it does not excuse the ALJ's consideration of the additional limitations assessed by Dr. Zamorano. (Docket no. 20 at 12.) Dr. Zamorano opined that Plaintiff's back pain, headaches, and neck pain limited him to no bending and no lifting more than 10 pounds. (TR 21.) The ALJ discounted this opinion on the basis that it was inconsistent with the objective clinical findings and the record as a whole, reasoning, in part, that Plaintiff had not complained of or been treated for significant neck pain and headaches. (TR 21.) Plaintiff argues that the ALJ's characterization of the record in this regard is inaccurate (docket no. 20 at 12), and the Court agrees.

In fact, the treatment records submitted by Dr. Zamorano are replete with Plaintiff's complaints of headaches and neck pain, diagnoses of headaches and neck pain, and referrals for diagnostic testing based on those complaints and diagnoses. For example, on September 22, 2012, Plaintiff indicated that he was experiencing pain in his cervical spine, lumbar spine, and his calves (TR 316); and Dr. Zamorano referred Plaintiff for MRIs and x-rays of his brain, cervical spine, thoracic spine, and lumbar spine based on diagnoses of headaches, cervical pain, thoracic pain, and lumbar pain (TR 314-15). On October 11, 2012, Plaintiff indicated that he was experiencing migraines (TR 312); "neck pain" was noted in Plaintiff's treatment record (TR 317); and headaches and neck pain were listed as some of Plaintiff's "Problems and Health Issues" (TR 308). On October 16, 2012, Plaintiff was diagnosed with cervicalgia (TR 310-11). And on November 12, 2012, Plaintiff complained of "continuing cervical pain," as a result of which a limited range of motion was assessed (TR 317); and headaches and neck pain were again listed as Plaintiff's "Problems and Health Issues" (TR 306). Moreover, the report regarding Plaintiff's MRI of the cervical spine indicates that he has a clinical history of cephalgia with

8

neck pain (TR 328), and the report regarding Plaintiff's MRI of the brain indicates that he has a history of headaches[2] (TR 321). Furthermore, the "Patient History" section of Plaintiff's November 6, 2012 electromyography results indicates that Plaintiff was complaining of pain in the posterior aspect of his neck and upper back that radiated to his shoulders bilaterally. (TR 333.) While the record does not reflect that Dr. Zamorano actually treated Plaintiff's headaches and neck pain, it does indicate that she recommended anterior cervical discectomy and fusion (ACDF), which is a surgery to remove a herniated or degenerative disc in the neck.[3] (TR 317.)

In light of this evidence, the ALJ's finding that Dr. Zamorano's opinion is inconsistent with the record evidence because Plaintiff did not complain of and was not treated for significant neck pain and headaches is perplexing and is in itself contrary to the record evidence. Had the ALJ properly considered this evidence, he may have accorded greater weight to Dr. Zamorano's opinion and developed a more restrictive RFC for Plaintiff as a result. This is therefore a reversible error, and the circumstances necessary under *Nelson* for the ALJ's error to be rendered harmless do not exist here. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407-08, 409 (6th Cir. 2009). Accordingly, remand of this matter for a proper assessment of Dr. Zamorano's opinion is warranted.

Because the assessments of Plaintiff's treating chiropractor's opinion and the consultative examiner's opinion will potentially change upon remand relative to the proper consideration of Dr. Zamorano's opinion, and in the interests of judicial economy, Plaintiff's remaining claims of error will not be considered.

---

[2] The ALJ noted in his decision that the MRI of Plaintiff's brain was normal. (TR 20.) However, this is not entirely true. While the MRI did indicate some normal findings, it also revealed that Plaintiff's brain has a CSF-filled cyst off the fourth ventricle, which is a variant of a Dandy-Walker malformation. (TR 321-22.)
[3] http://www.mayfieldclinic.com/PE-ACDF.htm.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Summary Judgment [20] is **GRANTED**, and Defendant's Motion for Summary Judgment [22] is **DENIED**. This matter is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for a proper assessment of Dr. Zamorano's opinion in accordance with the treating physician rule and the record evidence.

Dated:  March 30, 2017          s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon counsel of record on this date.

Dated:  March 30, 2017          s/ Lisa C. Bartlett
                                Case Manager